UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------X
STEVE LAU,

                Plaintiff,               10-CV-4838 (KMW)

         -against-

                              MEMORANDUM OF LAW
LEONARD MEZEI, HAROLD ZOREF,    IN SUPPORT OF MOTION
NORTHERN FUNDING, LLC, and       FOR SANCTIONS
NORTHERN HEALTHCARE
FUNDING, L.L.C.,

                Defendants.
--------------------------------------------X

## Preliminary Statement

Defendants Leonard Mezei ("Mezei"), Northern Funding, LLC ("NF"), and

Northern Healthcare Funding, L.L.C. ("NHF") (collectively, the "Moving

Defendants"), submit this memorandum of law in support of their motion for

sanctions against Plaintiff Steve Lau ("Lau") and his counsel for violating Rule

11(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation

Reform Act (the "PSLRA"), 15 U. S. C. 78u-4(c).

## Background

The background for this motion is set forth in the accompanying declaration

of Nathaniel B. Smith, dated October 31, 2012, as well as the Court's Summary

Judgment Decision, date August 16, 2012 (Dkt. # 76) and the Court's

Reconsideration Decision, dated September 11, 2012 (Dkt. # 88). In this motion,

the Moving Defendants seek the costs, including attorney's fees, incurred since

Lau and his counsel refused to withdraw Lau's claims for misrepresentation against the Moving Defendants.

On May 13, 2011, the Moving Defendants' counsel sent to Lau's counsel a letter after the close of discovery. (Smith Dec. Exhibit 2.) In the letter, the Moving Defendants put Lau and his counsel on notice that, among other things, there was no evidence that co-defendant Harold Zoref was an agent for Mezei, NF or NHF. (*Id.* at p. 2: "there is no evidence in the record that Zoref was an employee or agent of Mezei or any other party.")

As set forth in the Complaint, Lau's misrepresentation claims against the Moving Defendants hinged on the theory that Zoref, who was purportedly Lau's "investment advisor," was also acting as the agent for Mezei, NF and NHF when he made the alleged misrepresentations to Lau that induced Lau's purchases of the NF and NHF promissory notes. (Dkt. #1; Complaint ¶¶ 16, 18, 71-75 & 85-89: Exhibit 1.) Without any evidence of an agency relationship, however, there was no basis for holding the Moving Defendants liable for the alleged misrepresentations made by Zoref to Lau. Accordingly, the Moving Defendants demanded after discover closed that these claims be withdrawn. (Smith Dec. Exh. 1 at p 1 & 4.)

Lau refused to withdraw his misrepresentation claims and the Moving Defendants, therefore, were required to make their subsequent summary judgment

and reconsideration motions that resulted in the Court's dismissal of the

misrepresentation claims for lack of evidence to support the agency theory.

*Argument*

1. *Lau and His Counsel Violated Rule 11(b)  By Continuing to Advocate an Agency Claim That Lacked Evidentiary Support*

Lau's refusal to withdraw his misrepresentation claims after discovery made

it clear that there was no evidence to support the agency theory is a violation of

Rule 11(b).  Rule 11(b) of the Federal Rules of Civil Procedure provides for

sanctions when a party or its counsel continues to advance an argument that has no

evidentiary support.  Subsection (b) provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or *later advocating* it-- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) *the factual contentions have evidentiary support* or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(b) of the Federal Rules of Civil Procedure (emphasis added).

A litigant's obligations under Rule 11(b) are ongoing, and once the discovery record established that the agency claim lacked evidentiary support, Lau and his counsel violated Rule 11(b) by continuing to advance the agency claim. The Second Circuit has ruled that a party's Rule 11 obligations are "not measured solely as of the time [papers] are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." *O'Brien v. Alexander*, 101 F. 3d 1479, 1489 (2d Cir. 1996) (quoting Advisory Committee Notes to 1993 Amendments to Rule 11). Simply put, Rule 11 subjects litigants "to potential sanctions for insisting upon a position after it is no longer tenable." Advisory Committee Notes to the 1993 Amendments to Rule 11.[1]

---

[1] *Accord DelleFave v. Acess Temporaries Inc.,* 2001 U.S. Dist. Lexis 3165 at *16 (S.D.N.Y. Mar. 22, 2001)("By advocating the allegations in the original complaint in his written and oral opposition to Druzakio's dismissal and sanctions motions ( Pltf. **Rule 11** Br. at 2), and in support of his motion to amend (Pltf. Amd. Br. at 3, DiRienzo Cert. at 2), Dellefave has 'presented' the claims of the original complaint to this Court. *See, e.g., Loving v. Pirelli Cable Corp.*, 11 F. Supp. 2d 480, 493 (D. Del. 1998) (granting **Rule 11** sanctions on the basis of complaint originally filed in state court that was defended at oral argument in federal court). Therefore, he may properly be sanctioned for presenting frivolous claims pursuant to **Rule 11**.").

     2.    *Under the PSLRA, the Court Must Award Sanctions for Rule 11(b)*
         *Violations.*

Since Lau and his counsel invoked the federal securities laws in bring this

action, they are subject to the heightened standards set forth by Congress in the

PSLRA.   Under that statute, when a violation of Rule 11(b) has been found, a

district court is required to impose sanctions under the PSLRA.  15 U.S. C. § 78u-

4(c)(2).[2]

In the leading Second Circuit decision on sanctions under the PSLRA,

*Gurary v. Nu-Tech Bio-Med, Inc*., 303 F. 3d 212 (2d Cir. 2002), the Circuit made

---

[2] Subsection (c) of the PSLRA provides as follows:

 (c) Sanctions for abusive litigation.

  (1) *Mandatory review by court*. In any private action arising under this title [15 USCS §§ 78a et seq.], upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

  (2) *Mandatory sanctions.* If the court makes a finding under paragraph (1) that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure. Prior to making a finding that any party or attorney has violated Rule 11 of the Federal Rules of Civil Procedure, the court shall give such party or attorney notice and an opportunity to respond.

  (3) *Presumption in favor of attorneys' fees and costs*.

   (A) In general. Subject to subparagraphs (B) and (C), for purposes of paragraph (2), the court shall adopt a presumption that the appropriate sanction--

    (i) for failure of any responsive pleading or dispositive motion to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation; and

    (ii) for substantial failure of any complaint to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action.

   (B) Rebuttal evidence. The presumption described in subparagraph (A) may be rebutted only upon proof by the party or attorney against whom sanctions are to be imposed that--

    (i) the award of attorneys' fees and other expenses will impose an unreasonable burden on that party or attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed; or

    (ii) the violation of Rule 11(b) of the Federal Rules of Civil Procedure was de minimis.

   (C) Sanctions. If the party or attorney against whom sanctions are to be imposed meets its burden under subparagraph (B), the court shall award the sanctions that the court deems appropriate pursuant to Rule 11 of the Federal Rules of Civil Procedure.

clear that the "PSLRA dictates sanctions for frivolous securities fraud complaints and emphasizes the need not only to deter such abusive lawsuits, but also to compensate fully victims of this kind of abusive litigation. It requires district courts overseeing securities fraud suits to make specific findings, upon final adjudication of the action, as to whether all parties and all attorneys have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure. If the court determines that a violation has occurred, the imposition of sanctions is mandatory." *Id.* at 215 (citations omitted).

The PSLRA provides for a presumption of an award of attorney's fees incurred as a direct result of a motion or a responsive pleading that violates Rule 11(b). 15 U.S.C. § 78u-4(c)(3)(A)(i). The PSLRA further establishes a presumption that, for substantial failure of any complaint to comply with any requirement of Rule 11(b), the award shall be the *full* amount of the reasonable attorneys' fees and costs. *Gurary, supra,* at 215. Both of these presumption may be rebutted upon proof that the violation of Rule 11(b) was *de minimis* or that the sanctions will impose an unreasonable burden on that party or attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed. *Id.* (citations and emphasis omitted); 15 U.S.C. § 78u-4(c)(3)(B).

Since Lau's position after the close of discovery in opposing the motion for summary judgment lacked any evidentiary support, Lau and his counsel violated Rule 11(b) by continuing to advance the agency theory set forth in the Complaint. The Moving Defendants are therefore entitled to recovery the attorney's fees incurred as a direct result of the violation (*i.e.,* the fees incurred in making the summary judgment and reconsideration motions). In addition, the Moving Defendants are entitled to recover the costs of making this motion as well. The *Gurary* decision held that a party who establishes the right to recovery sanctions for violations of the PSLRA is also entitled to recover the fees and expenses incurred in bringing the application for sanctions. *Id.* at 225-26.

Lau and his counsel cannot argue that their Rule 11(b) violations were *de minimis.* The agency claim was the entire basis for Lau's misrepresentation claims against the Moving Defendants; there was no claim (or evidence) that any of the Moving Defendants made any kind of representations directly to Lau. The agency theory was also in conflict with Lau's claims against Zoref, which were based on the allegation that Lau believed that Zoref was acting as Lau's investment advisor. Thus, Lau could not credibly claim that he believed that Zoref was his "investment advisor" and at the same time claim that he believed that Zoref was working as an agent for the Moving Defendants. Thus, Lau and his counsel should have been particularly cognizant that the absence of evidence on the agency claim was fatal to

their misrepresentation claims against Mezei, NF and NHF.   Just because a

defendant is a deep pocket -- or perceived to be a deep pocket -- is not a proper

basis for continuing to make a claim that lacks evidentiary support.

Nor can Lau and his counsel insulate themselves from Rule 11 and the

PSLRA by merely pointing to the fact that the Complaint contained meritorious

claims for breach of the promissory notes issued by NF and NHF.  First, the

PSLRA requires the imposition of sanctions where a party violates Rule 11(b) in a

motion or responsive pleading.   Thus, the fact that a meritorious claim was set

forth in the Complaint is not a defense.

While it is correct that the eighth claim in the Complaint in fact resulted is

summary judgment in Lau's favor on the promissory notes, the inclusion of those

claims in the Complaint do not make the otherwise sanctionable pursuit of the

meritless claims less sanctionable.  Indeed, the *Gurary* decision ruled that the

existence of a non-frivolous claim in a complaint cannot be a basis for finding a

violation *de minimis* because Congress enacted the PSLRA for the very purpose of

making sure that improperly raised or pressed claims for securities fraud were

subject to sanctions.  *Id.* at 221 ("But to accept these contentions would permit the

very mischief that Congress manifestly intended to prohibit. Plaintiffs could avoid

mandatory sanctions, and return to the prior discretionary regime, simply by

including one colorable claim amid a myriad of abusive allegations.")  Instead,

"once a substantial violation is found, the existence of some non-frivolous claims does not suffice to rebut the statutory presumption on the ground that full sanctions would be an unreasonable and unjust burden."

In this case, the relevant inquiry is not directed to the Complaint as a whole but to Lau's continuing pursuit of a claim in the Complaint that discovery had established was untenable.

*Conclusion*

For these reasons, the Court should grant this motion and should direct the parties to seek in good faith to stipulation to the recoverable costs, including attorney's fees, to the Moving Defendants for having to file the motion for summary judgment, the reconsideration motion and this motion.  In the event that no stipulation can be reached, then the Court should direct that the Moving Defendants submit an application for all their costs, including attorney's fees, to the Court for a determination of the appropriate amount.

Dated: October 31, 2012

*s/NBS*
_____
Nathaniel B. Smith
111 Broadway – Suite 1305
New York, New York 10006
